IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | ORDER |
| vs. | |
| **RANDALL W. LAW,** | Case No. 2:03CR7DAK |
| Respondent. | |

This matter is before the court on Defendant Randall Law's Motion to Set Aside Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. On June 18, 2004, this court entered Judgment in Defendant's criminal case. Defendant was sentenced to the custody of the Bureau of Prisons for 46 months to run consecutively with a sentence from the Northern District of Illinois.

Rule 60(b) of the Federal Rules of Civil Procedure "has no applicability to a criminal proceeding." *United States v. Tripplett*, 166 Fed. Appx. 362, 2006 WL 270247, * 3 (10th Cir. 2006) (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.")). The Tenth Circuit explains that the district court "could have recharacterized the motion as something cognizable under the Federal Rules of Criminal Procedure, such as a Rule 33 motion for a new trial, or a Rule 35(a) motion to correct clear error in judgment, or a Rule 34 motion arresting judgment."

*Id.* The Tenth Circuit also recognized a "conceivable characterization" of such a motion "would be as a motion for a writ of habeas corpus under 28 U.S.C. § 2255."

Rule 33 of the Federal Rules of Criminal Procedure does not apply in this case because Defendant did not have a trial. Rule 34 does not apply because a motion under that rule must be filed within seven days after the court accepts a verdict or finding of guilty. Also, Rule 35 does not apply because a correction for clear error under that rule must be brought within seven days of sentencing and a reduction for substantial assistance under that rule is not relevant to Defendant's claims. Therefore, there is no basis for construing Defendant's motion under the Federal Rules of Criminal Procedure.

With respect to whether Defendant's motion could be construed as a §2255 motion, Defendant's motion is time barred. A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

A conviction becomes final when the possibility of direct review ends--when the defendant failed to take a direct appeal within ten days of the entry of the judgment and sentence. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir.2000) (holding that the

one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires). Defendant did not file a Notice of Appeal. Therefore, his conviction became final on June 28, 2004.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) . This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S. Ct. 1195, 149 L. Ed. 2d 110 (2001). Petitioner has the burden of establishing that equitable tolling should apply. *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). There is no basis for equitably tolling the statute of limitations in this case.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Rule 60(b) motion is DENIED as improperly brought in his criminal action, deficient as Rule 33, 34, and 35 motions under the Federal Rules of Criminal Procedure, and time barred as a § 2255 motion.

DATED this 19th day of March, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

3